UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERLIN HOWES,

      Plaintiff,

v.                                                    Case No. 3:14cv361/LC/CJK

NURSE STONE, et al.,

      Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

      This cause is before the court upon plaintiff's filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and motion to proceed *in forma pauperis* (doc. 4). For the limited purpose of dismissing this action, leave to proceed *in forma pauperis* will be granted. Upon review of plaintiff's complaint, the court concludes that this case should be dismissed as malicious for plaintiff's abuse of the judicial process.

BACKGROUND AND PROCEDURAL HISTORY

      Plaintiff is an inmate of the Florida Department of Corrections currently confined at Santa Rosa Correctional Institution ("Santa Rosa CI"). (Doc. 1). Plaintiff's complaint names six defendants: Nurse Stone, Advanced Registered Nurse Practitioner Nichols, Nurse Margaret Harden, Nurse Jamie Parker, Nurse Deanna Baz and Corizon Medical Contractors. Plaintiff claims the defendants violated his rights

under the Eighth Amendment when they ordered security staff at Santa Rosa CI to beat or "terminate" plaintiff because they were upset by plaintiff's refusing his seizure medication. Plaintiff alleges that as a result of the nurses' orders, he was severely beaten on April 16, 2013. As relief, plaintiff seeks $350,000.00 in damages against each defendant. (Doc. 1).

## DISCUSSION

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint was signed and submitted to prison officials for mailing on July 30, 2014. (Doc. 1, p. 1). On page three of the civil rights complaint form, Section IV(B), Previous Lawsuits, is the following question: "Have you initiated other actions in **federal** court dealing with the same or similar facts/issues involved in this action?" (Doc. 1, p. 3).[1] Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), plaintiff marked "Yes." (*Id.*). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed one case: *Howes v. Dukes*, Case No. 3:14cv320/LC/CJK, a civil rights action plaintiff initiated in this court on July 3, 2014. (*Id.*). Plaintiff disclosed no other cases.

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those*

---

[1]References to page numbers are to those of the complaint form itself appearing at the bottom center of each page, and not to plaintiff's pagination.

listed above in Questions (A) and (B))[2] in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"  (Doc. 1, p. 4).  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "Yes."  (*Id.*).  The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary.  Plaintiff again disclosed Case Number 3:14cv320.  (*Id.*).  Plaintiff disclosed no other cases.

On the same page of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question:  "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?"  (Doc. 1, p. 4).  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "No?"  (*Id.*).  The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary.  Plaintiff again disclosed Case No. 3:14cv320.  (*Id.*, p. 4).  Plaintiff disclosed no other cases.  Plaintiff did, however, attach to his complaint a copy of an IFP order entered in *Howes v. Department of Corrections*, Case No. 3:13cv443/LC/CJK, a case he filed in this court on July 25, 2013.  That case was dismissed on July 2, 2014, pursuant to plaintiff's notice of voluntarily dismissal.

At the end of the civil rights complaint form, plaintiff signed his name after the following statement:  "**I DECLARE UNDER PENALTY OF PERJURY THAT**

---

[2]Question (A) asked plaintiff whether he had initiated other actions in state court dealing with the same or similar facts/issues involved in the present action.  Plaintiff answered "No," but disclosed Case No. 3:14cv320.  (Doc. 1, p. 3).

**THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (Doc. 1, p. 7).  Thus, plaintiff has in effect stated that at the time he filed his complaint, he had not initiated any other action in federal court challenging the conditions of his confinement, and had not had any action in federal court dismissed prior to service.

As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction.   In the light of 28 U.S.C. § 1915(g)[3], the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision.  The information obtained from the disclosure requirements also helps the court evaluate whether the action is related to or should be considered in connection with another case, or whether a holding in another case affects the current action.  The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.     The court may take judicial notice that at the time plaintiff filed his complaint in this case, plaintiff had initiated two other civil actions in federal court that required disclosure. On April 10, 2014, plaintiff initiated an action for injunctive relief in the United States District Court for the Middle District of Florida seeking an order prohibiting the Reception and Medical Center's Classification Team from returning him to Santa Rosa CI.  *See Howes v. Reception and Medical Classification Team*, Case No. 3:14-

---

[3]Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

cv-413-J-39JBT.  On April 10, 2014, the Middle District dismissed the case without prejudice prior to service of plaintiff's pleading.[4]  A copy of the order of dismissal was mailed to plaintiff at the Reception and Medical Center, and was not returned. Plaintiff did not disclose this federal action in the instant complaint.

In addition to the foregoing, in November of 2004, plaintiff, while incarcerated at Florida State Prison, filed a civil rights complaint under 42 U.S.C. § 1983 in the United States District Court for the Southern District of Florida, challenging the conditions of his confinement at Everglades Correctional Institution where he was previously confined.  *See Howes v. Clark*, Case No. 1:04cv22890.  The action was dismissed on September 18, 2006, pursuant to plaintiff's voluntary dismissal.  Plaintiff did not disclose this federal action in the instant complaint.  Both of the foregoing cases may be positively identified as having been filed by plaintiff, because they bear his Florida Department of Corrections' inmate number, DC #165943.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, plaintiff falsely responded to questions on the complaint form, as detailed above.  Plaintiff knew from reading the complaint form that disclosure of all

---

[4]The court dismissed plaintiff's action for injunctive relief on the grounds that: (1) plaintiff's initiating pleading, titled "Motion for Temporary Restraining Order," failed to comply with the Federal Rules of Civil Procedure and the Middle District's Local Rules; (2) plaintiff's allegations failed to establish the four requisites for obtaining a preliminary injunction and (3) to the extent plaintiff sought to raise claims regarding the conditions of his confinement, he failed to use the appropriate civil rights complaint form to present his claims.

prior civil cases was required.  The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 1, p. 3).  If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  The court should not allow plaintiff's false responses to go unpunished.  An appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 4) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 6th day of August, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may

appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).